

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# Michael Greene v. Michael Barrasse

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

### Recommended Citation

"Michael Greene v. Michael Barrasse" (2009). *2009 Decisions.* Paper 1699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2753

MICHAEL GREENE,
                                        Appellant

v.

MICHAEL BARRASSE; MARY ANNE GRIPPO;
COREY KOCHARNO; JASON MILLS; JAY RUANE

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-00821)
District Judge:  Honorable Edwin M. Kosik

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
February 20, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2009)

OPINION

PER CURIAM

       Michael Greene, a prisoner proceeding *pro se*, appeals from the District Court's

order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  We agree with the

decision of the District Court and will dismiss the appeal.

## I

In 2006, Greene was convicted of aggravated assault in the Lackawanna County Court of Common Pleas. As a result of his repeat offender status, he received a mandatory sentence of life imprisonment.

Greene filed a civil rights action pursuant to 42 U.S.C. § 1983 in May 2008, seeking damages for his current incarceration and for the conduct of various participants in his criminal trial, including the trial judge, two prosecutors, and two police officers who served as witnesses for the Commonwealth. Greene's complaint alleges, *inter alia*: (1) the Commonwealth improperly reopened his case; (2) prosecutorial misconduct; (3) a conspiracy between prosecutors and the trial judge to permit witness perjury; (4) deliberate misrulings by the trial judge to prejudice the jury against Greene; and (5) purposeful destruction of exculpatory evidence.

## II

A federal court must dismiss the complaint or appeal of a plaintiff proceeding *in forma pauperis* if the action is "frivolous." 28 U.S.C. § 1915(e)(2). The United States Supreme Court clarified this standard in <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989), stating that a complaint is frivolous "where it lacks an arguable basis either in law or fact." 490 U.S. at 325.

A plaintiff proceeding under § 1983 seeking damages "for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must demonstrate that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[If] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

We agree with the District Court that the relief Greene seeks would necessarily imply the invalidity of his conviction. Because Greene has not demonstrated that he successfully challenged his conviction, his complaint is barred by Heck. Accordingly, Greene's complaint "lacks an arguable basis [] in law," Neitzke, 490 U.S. at 325, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1]By Order of the Court entered February 3, 2009, we advised Greene that the District Court denied his pending motion for consideration as moot and that, should he wish to appeal that decision, he must file an amended notice of appeal within the time prescribed by Fed. R. App. P. 4(a)(4)(B). That period expired on February 4, 2009. See Fed. R. App. P. 4(a)(1)(A). Because Greene did not file an amended notice of appeal until after February 4, 2009, we will not address his appeal of the denial of his motion to reconsider.